C/M

No objections having been received, this action is dismissed for the reasons set forth below.
SO ORDERED: 1/23/14

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
WESTERN SUPREME BUDDHA TEMPLE INC.
and PREACHER FLORA WANG,

                Plaintiffs,                    REPORT & RECOMMENDATION
                                                      13 CV 5513 (BMC)(LB)

   -against-

KAM CHAN, BARCLAY HOUSE CONDOMINIUM LLP,
DAI LIAN, NICKY GAO, NANCY,
PERFECT GROUP REALTY, CHASE GLOBAL REALTY,
and LAW OFFICES OF GENG & ZHANG PLLC,

                Defendants,
-------------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Plaintiffs commenced this action in the Northern District of New York on August 21, 2013.

The Federal Rules of Civil Procedure provide that

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Plaintiffs were given notice that pursuant to Rule 4(m), service on defendants had to be effected by December 19, 2013, or this action would be dismissed. (ECF No. 15.) As of this Report, the Court's record does not reflect service of process on defendants. As plaintiff has failed to file proof of service or show good cause why service was not timely effected, it is respectfully recommended that plaintiffs' claims against defendants should be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Furthermore, plaintiff, Western Supreme Buddha Temple, Inc.'s ("Western"), failure to obtain counsel provides an independent ground for dismissing Western's claims against defendants. The Magistrate Judge in the Northern District advised plaintiffs that Western cannot appear pro se and directed Western to obtain an attorney by October 7, 2013. (ECF No. 10.) After this action was

transferred to this Court on October 8, 2013, I extended the period of time for Western to obtain counsel until November 8, 2013. (ECF No. 15.) I warned Western that if it failed to retain counsel by November 8, 2013, its claims would be dismissed. (Id.) To date, no attorney has entered a notice of appearance on behalf of Western. The Second Circuit has long "required corporations to appear through a special agent, the licensed attorney." Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006) (internal quotation marks omitted). "Failure by such a party to obtain counsel after being warned of the necessity to do so justifies entry of a default or dismissal." Balestriere PLLC v. CMA Trading, Inc., 11 Civ. 9459 (ALC)(MHD), 2012 U.S. Dist. LEXIS 29620, at *5 (S.D.N.Y. Mar. 5, 2012) (internal citations omitted) (citing Grace, 443 F.3d at 192); see also Luwisch v. Phila. Ins. Cos., 11-CV-4551(RRM) (MDG), 2012 U.S. Dist. LEXIS 49694, at *1-2 (E.D.N.Y. Apr. 9, 2012) (dismissing corporate plaintiffs' claims for failure to obtain counsel).

For the foregoing reasons, it is respectfully recommended that this action should be dismissed.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also FED. R. CIV. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985). SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 31, 2013
      Brooklyn, New York